NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 19 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KENNETH HILL, | No. 19-16759 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-01108-TLN-CKD |
| and | |
| SHAWN KEVIN FROST, Sr.; et al., | MEMORANDUM[*] |
| Plaintiffs, | |
| v. | |
| SCOTT KERNAN; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted October 12, 2021[**]

Before:     TALLMAN, RAWLINSON, and BUMATAY, Circuit Judges.

California state prisoner Kenneth Hill appeals pro se from the district court's

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs and safety. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim under 28 U.S.C. § 1915A(a). *Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011). We affirm.

The district court properly dismissed Hill's action because Hill failed to allege facts sufficient to show that defendants knew of and disregarded a substantial risk to his health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834-37 (1994); *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982) ("Vague and conclusory allegations of official participation in civil rights violations are not sufficient." (citations omitted)).

The district court did not abuse its discretion by denying Hill's motions for a preliminary injunction because Hill failed to demonstrate a likelihood of success on the merits. *See Jackson v. City & County of San Francisco*, 746 F.3d 953, 958 (9th Cir. 2014) (setting forth standard of review and requirements for a preliminary injunction).

The district court did not abuse its discretion by denying Hill's motion for class certification because he did not establish numerosity, commonality, or typicality. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) (plaintiff seeking class certification must affirmatively demonstrate their compliance with Rule 23); *Hawkins v. Comparet-Cassani*, 251 F.3d 1230, 1237 (9th Cir. 2001)

19-16759

(standard of review).

The district court did not abuse its discretion in denying Hill's motion for appointment of counsel because Hill was able to articulate his claims and was unlikely to succeed on the merits. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and discussing factors to consider in ruling on a motion to appoint counsel).

We reject as meritless Hill's contention that the district court erred by striking his proposed first amended complaint.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**